UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ray Carter, #246054, | ) C/A No. 2:11-02899-JMC-BHH |
| Petitioner, | ) |
| vs. | ) |
| Warden Cecelia Reynolds, | ) Report and Recommendation |
| Respondent. | ) |

Charles Ray Carter ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends that the District Judge dismiss the Petition in this case without prejudice and without issuance and service of process

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those

drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner was convicted of possession with intent to distribute crack cocaine in the York County Court of General Sessions on December 10, 1997. ECF No. 1, page 1. Petitioner was sentenced to thirty (30) years of imprisonment for the crime. *Id.* Petitioner filed a direct appeal of his conviction, which was dismissed as untimely. ECF No. 1-1, page 102. A motion to reinstate the appeal was denied, as was a petition for a writ of *certiorari* to the South Carolina Supreme Court. *Id.* Petitioner then applied for post-conviction relief (PCR), which was denied on November 12, 1999. *Id.* at 103. Petitioner appealed the denial of his PCR action to the South Carolina Supreme Court, which denied *certiorari* on July 20, 2001. *Id.* Since that time, Petitioner has filed three more PCR applications, which were also denied. *Id.* at 109-112. As a result of Petitioner's repetitive and frivolous filings, an order restricting future filings by Petitioner was issued by the Chief Administrative Judge of the Sixteenth Judicial Circuit on November 15, 2010. *Id.* at 99-105.

The present Petition is the fourth § 2254 action filed by Petitioner with respect to his 1997 convictions.[1] Petitioner's first habeas petition, Civil Action Number 6:00-02179-HMH (D.S.C.), was dismissed for failure to exhaust state court remedies on April 30, 2001. Petitioner filed a second writ of habeas corpus in this Court, Civil Action No. 8:01-04084-HMH (D.S.C.), which resulted in summary judgment being granted for the Respondent on September 27, 2002. Petitioner appealed the dismissal of his second habeas petition to the Fourth Circuit Court of Appeals, which dismissed the appeal on December 9, 2002. Petitioner's third habeas petition challenging the 1997 conviction, Civil Action Number 8:04-01887-HMH (D.S.C.) , was dismissed as successive on August 3, 2004.

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."). *See also In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the office of the Clerk of Court of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the

---

[1]The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

3

Fourth Circuit Court of Appeals to file this Petition in the district court, this Court does not have jurisdiction to consider it.[2]

## Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. It is further recommended that a certificate of appealability be denied. Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 4, 2011
Charleston, South Carolina

---

[2] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Title 28, Section 2253 provides in relevant part,
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. Therefore, the undersigned recommends denial of a certificate of appealability.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).