# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Charles Ray Carter, ) | |
| ) | Civil Action No. 2:11-cv-02899-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Cecelia Reynolds, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

*Pro se* Petitioner Charles Ray Carter filed a Petition for Writ of Habeas Corpus [Dkt. No. 1] pursuant to 28 U.S.C. § 2254, requesting the court vacate his sentence resulting from his state court conviction for possession with intent to distribute crack cocaine. This matter is currently before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 8] ("Report"), filed on November 4, 2011, recommending the court dismiss the petition in this case without prejudice to allow the Petitioner to seek authorization from United States Court of Appeals for the Fourth Circuit prior to filing his successive petition for writ of habeas corpus. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

1

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). When timely filed, objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After seeking several extensions of time in which to file his objections, this court granted a final extension requiring Petitioner to submit his objections on or before February 10, 2012. According to the designation on the envelope containing Petitioner's objections, the institution mail room received the filing on February 13, 2012, and the court docketed the Objections to the Magistrate Judge's Report [Dkt. No. 26] on February 15, 2012. Accordingly, Petitioner's Objections are untimely. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (noting that prisoner filings are considered filed when delivered to the prison authorities for mailing).

Additionally, the court finds that Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and entirely consist of a reassertion of the arguments made in his petition. The court has also considered Petitioner's arguments in his Motion

to Amend his Objection to the Report and Recommendation [Dkt. No. 31], and finds that the case cited by Petititioner fails to specifically address the Magistrate Judge's recommendation to dismiss this case for Petitioner's failure to seek appropriate authorization from the United States Court of Appeals for the Fourth Circuit prior to filing his successive petition for writ of habeas corpus. Accordingly, after a thorough review of the Magistrate Judge's Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 8]. The court further **GRANTS** Petitioner's Motion to Amend his Objection to the Report and Recommendation [Dkt. No. 31] as considered herein, and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] and without requiring Respondent to file an Answer or return. Petitioner's Motion for Status Update [Dkt. No. 30] is **DISMISSED** as moot.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 17, 2013
Greenville, South Carolina